IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NINA SHAHIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 07-641-GMS |
| | ) |
| STATE OF DELAWARE and | ) |
| DEPARTMENT OF TRANSPORTATION, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

**I. INTRODUCTION**

The plaintiff, Nina Shahin ("Shahin"), who proceeds *pro se*, filed this lawsuit on October 16, 2007, alleging employment discrimination pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5 and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 through 634. (D.I. 2.) Shahin alleges discrimination by reason of national original and age and in retaliation for filing prior charges of discrimination. She seeks the maximum relief allowed by law. Before the court are Shahin's motions to extend the discovery deadline, to compel, for summary judgment, and for sanctions. (D.I. 30, 33, 34, 41.) For the reasons that follow, the court will deny the motions.

**II. BACKGROUND**

Shahin has filed numerous lawsuits against different agencies of the State of Delaware alleging employment discrimination. On May 20, 2008, Shahin sought to consolidate several cases, including the case at bar. (D.I. 16.) The court exercised its discretion and denied the motion. (D.I. 21.) It also denied Shahin's motion for reconsideration of the order. (D.I. 22, 31.)

Wherein upon Shahin appealed the order to the United States Court of Appeals for the Third Circuit. (D.I. 32.) The appeal was dismissed for lack of jurisdiction. (D.I. 44.)

Shahin applied for the position of accountant (posting #9403061) in the Department of Transportation ("the State"). (D.I. 2, ex.) Shahin alleges that she belatedly returned calls to schedule her interview immediately upon her return for an overseas trip - only one day late - but was told the position had been filed, even though "it was only a period of interview scheduling." (D.I. 2.)

Shahin filed a charge of discrimination on October 30, 2006. (D.I. 2, ex.) It is similar to the complaint and states that Shahin scored a 98 on the initial evaluation and, during her absence from the immediate area, the State scheduled anticipated interview dates of Thursday, September 28, 2006 and Friday, September 29, 2006. (*Id.*) Upon her return on Saturday, September 30, 2006, Shahin discovered the phone messages and returned the telephone calls the next business day, Monday, October 2, 2006, but was informed that a candidate was "appointed" to the position. (*Id.*)

Two accounting positions were advertised at the same time and candidates were interviewed for both positions at the same time. (D.I. 27, interrog. No. 1.) Interviews were held on Thursday, September 28, and Friday, September 29, 2006. (*Id.* at interrog. No. 3.) A note indicates that messages were left for Shahin on September 21 and September 22, 2006. (D.I. 28, DelDot641-10.) Thirteen candidates were interviewed for the two positions. (D.I. 27, interrog. No. 2.)

Althea Trower ("Trower") a black female over forty received one position, and Amy Penney ("Penney") a white female under forty received the other position. (D.I. 27, at interrog

No. 1.) Trower and Penney were both interviewed on September 28, 2006. (D.I. 28, resp. 2.) Trower was appointed to the position on October 30, 2006, and Penney was appointed to her position on October 16, 2006. (D.I. 27, interrog. No. 4.) The record reflects that Penney was advised by letter dated October 3, 2006, that she had been selected for the position. (D.I. 28, DelDot 641-7.)

The last interview was scheduled for 10:30 a.m. on Friday, September 29, 2006. (D.I. 28, DelDot641-8.) An email from the State, dated Friday, September 29, 2006, at 4:28 p.m. discusses the selected individuals. The subject line states, "EEO Hiring approval - Accountant - Pos. #9403, 10192." The email lists the top three individuals selected for each position. (*Id.*) Trower was the number two person on the "selected" list for position 9403, but the number one person declined the position. (D.I. 28, DelDot641-11.) Penney was the number one person on the "selected" list. (*Id.*)

Neither Trower nor Penney listed relatives on their nepotism statements. (D.I. 27, interrog. No. 5; D.I. 28 DelDot641-4-6.) The documents of record reflect the race, but not the national origin of the applicants.

On May 4, 2010, Shahin filed an untimely motion for summary judgment without leave of court, opposed by the State.[1] (D.I. 34.) She has also filed a motion to extend the discovery deadline, a motion to compel, and a motion for sanctions. (D.I. 30, 33, 41.)

---

[1]The dispositive motion deadline expired December 16, 2008. (D.I. 15.)

## III. MISCELLANEOUS MOTIONS

### A. Motion to Extend Discovery Deadline

The court entered a scheduling order on April 14, 2008, setting a discovery deadline of October 16, 2008. (D.I. 15.) On March 8, 2010, nearly one and one-half years after expiration of the discovery deadline, Shahin filed a "motion for delay in discovery deadline" which the court construes as a motion to extend the discovery deadline. (D.I. 30.) Shahin filed the same motion in three other cases. (*See* Civ. Nos. 07-642-GMS; 07-643-GMS; 07-644-GMS.) The basis for her request is a pending motion for reconsideration, the four cases are in the same stage of litigation, interrogatories have been served and responded to, and she can afford to depose witnesses in only one lawsuit.

The pending motion for reconsideration had no effect on the parties ability to proceed with discovery. Moreover, Shahin did not request an extension until long after the expiration of the discovery deadline. The court finds unavailing her reasons for an extension of time. Therefore, the court will deny the motion. (D.I. 30.)

### B. Motion to Compel

Shahin filed a motion to compel the State to answer the following interrogatory: "Did the appointed individual have any relatives, friends, or neighbors among the employees of the Department? Did the appointed individual have any relatives among the Delaware legislators (of any house)?" (D.I. 27, interrog. No. 5, D.I. 33.) The State responded, "Both appointed individuals had no one listed on the Delaware Department of Transportation Disclaimer of Relatives (Nepotism Statement) that met the conditions of the first sentence of this interrogatory. The Department cannot confirm or deny the balance of this interrogatory." (*Id.*)

Shahin "strongly requests" the State "to either confirm or deny the fact in view of the importance of that information for the evidence of weight in the hiring process of factors other than education and experience and, therefore, discrimination. (D.I. 33.) The State responds that it answered the interrogatory and, if it is unable to confirm or deny a question, it cannot provide more than it has already answered. The court has reviewed the State's answer to the interrogatory and finds it satisfactory. In addition, the court finds that any information regarding relatives, political contacts, and friends of neighbors of hired individuals in an attempt to show that individuals were hired based upon their relationships with others is irrelevant to the issues of national origin or age discrimination. For the above reasons, the court will deny the motion to compel.[2] (D.I. 25.)

### C. Motion for Sanctions

Shahin filed a Rule 11(b)(2) motion for sanctions against defense counsel following submission of the State's response to Shahin's motion for summary judgment.[3] (D.I. 38, 41.) Shahin takes exception to defense counsel's argument in opposition to her motion. More particularly, she contends that a reference to case law is misplaced, defense counsel failed to

---

[2]Similar to the motion to extend the discovery deadline, Shahin filed the same motion in three other cases with specific argument for each case contained in a single motion. (*See* Civ. Nos. 07-642-GMS; 07-643-GMS; 07-644-GMS.) The court has denied Shahin's motion to consolidate these cases. Filings containing argument for all cases are confusing and sap precious court resources to sift through each motion to determine the applicable argument for each case. Shahin is placed on notice that, in the future, similar filings will be docketed, not considered, and summarily denied. Shahin is required to file separate motions with separate argument for each case.

[3]Once again, Shahin filed the same motion in three other cases with specific argument for each case contained in a single motion. (*See* Civ. Nos. 07-642-GMS; 07-643-GMS; 07-644-GMS.)

provide legal support for the position that there are differing standards under Title VII for private and non-private discriminating employers, and defense counsel made the claim to "fool, denigrate, and deprive" Shahin of her rights under Title VII. (D.I. 41.) She seeks sanctions for defense counsel's misinterpretation and misapplication of the law.

The motion for sanctions has no merit. Therefore, the court will deny the motion. (D.I. 41.)

## IV. SUMMARY JUDGMENT

### A. Standard of Review

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of proving that no genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 n.10 (1986). The facts must be viewed in the light most favorable to the nonmoving party and all reasonable inferences from the evidence must be drawn in that parties' favor. *Conopco, Inc. v. United States*, 572 F.3d 162, 165 (3d Cir. 2009). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" *Marino v. Industrial Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (quoting *Anderson*, 477 U.S. at 255). If the court determines that there is no genuine issue as to any material fact and that the

movant is entitled to judgment as a matter of law, summary judgment is appropriate. *See Hill v. City of Scranton*, 411 F.3d 118, 125 (3d Cir. 2005). With respect to summary judgment in a discrimination case, the court's role is "to determine whether, upon reviewing all the facts and inferences to be drawn therefrom in the light most favorable to the plaintiff, there exists sufficient evidence to create a genuine issue of material fact as to whether the employer intentionally discriminated against the plaintiff." *Blozis v. Mellon Trust of Delaware Nat'l Ass'n*, 494 F. Supp. 2d 258, 267 (D. Del. 2007) (quoting *Hankins v. Temple Univ.*, 829 F.2d 437, 440 (3d Cir. 1987)).

Shahin moves for summary judgment on the grounds that the State failed to provide adequate reasons why internal, less qualified, and younger American born candidates were selected to the position to which she applied. She further contends that summary judgment is appropriate pursuant to Fed. R. Civ. P. 37 because the State failed to provide discovery regarding the connections of the candidate with the family and friends of Delaware legislators and to cooperate in discovery. The State opposes the motion and argues that Shahin has not established that she is entitled to judgment as a matter of law for failure to hire on the basis of national original discrimination under Title VII or by reason of age. It asks the court to dismiss the case with prejudice.[4]

---

[4]The State did not move for summary judgment. On December 15, 2008, a day prior to the expiration of the dispositive motion deadline, it asked the court to hold the dispositive motion deadline in abeyance due to the posture of the case. (*See* D.I. 15, 18.)

### B. Discussion

#### 1. Age Discrimination in Employment Act

Under the ADEA, "[i]t shall be unlawful for an employer . . . to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's age." 29 U.S.C. § 623(a). The ADEA includes in its definition of employer "a State or political subdivision of a State. 29 U.S.C. § 630(b)(2). The Supreme Court held in *Kimel v. Florida Bd. of Regents*, 528 U.S. 62 (2000) that Congress did not validly abrogate the states' sovereign immunity to suits by private individuals for suits filed pursuant to the ADEA. Therefore, the State is immune from suit for damages under the Eleventh Amendment for Shahin's age discrimination claim under the ADEA. *See Shahin v. Delaware Dep't of Finance*, 344 F. App'x 765 (3d Cir. 2009) (not published). For the above reasons, the court will deny Shahin's motion for summary judgment as to her claim raised under the ADEA.

#### 2. Title VII - National Origin Discrimination

Shahin argues that, although she contacted the State immediately upon her return from an overseas trip, she was denied an interview on the pretext that the candidates had been selected. Shahin posits that it is clear from discovery this is not true. Interviews were held on September 27 and 29, 2006, Shahin contacted the State on October 2, 2006 and, according to Shahin, no candidate could have been selected by then. She also argues that individuals who received the positions are Americans with lesser qualifications than she and one is younger than forty. Her position is not borne by the record.

A plaintiff may prove national origin discrimination by direct evidence as set forth in *Price Waterhouse v. Hopkins*, 490 U.S. 228, 244-46 (1989), or indirectly through the familiar burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). "Direct evidence" is evidence sufficient to allow the jury to find that "the decisionmakers placed substantial negative reliance on [national origin] in reaching their decision." *Price Waterhouse*, 490 U.S. at 277.

Shahin provided no direct evidence of discrimination by reason of her national origin. Because she failed to present direct evidence that she was not hired due to her national origin, the court turns to the *McDonnell Douglas* burden-shifting framework. Under this framework, Shahin must first establish a prima facie case of national origin discrimination by proving that: (1) she is a member of a protected class; (2) she sought and was qualified for a job for which the employer was seeking applicants' (3) that despite her qualifications, she was rejected; and (4) under circumstances that raise an inference of discriminatory action, the employer continued to seek out individuals with qualifications similar to the plaintiff's to fill the position. *McDonnell Douglas*, 411 U.S. at 802; *Sarullo v. United States Postal Service*, 352 F.3d 789 (3d Cir. 2003); *accord Iyer v. Everson*, 238 F. App'x 834 (3d Cir. 2007) (not published). The elements of a prima facie case may vary depending on the facts and context of the particular situation. *See Pivirotto v. Innovative Sys. Inc.*, 191 F.3d 344, 352 (3d Cir. 1999).

If plaintiff succeeds in establishing a prima facie case, the burden shifts to defendant employer to proffer "legitimate non-discriminatory" reason for its actions. *See Woodson v. Scott Paper Co.*, 109 F.3d 913, 920 n.2 (3d Cir. 1997). If defendant meets this burden, the burden

again shifts to plaintiff to demonstrate, by a preponderance of the evidence, that the employer's rationale is pretextual. *McDonnell Douglas*, 411 U.S. at 804.

Under Title VII, "[t]he term 'national origin' on its face refers to the country where a person was born, or, more broadly, the country from which his or her ancestors came." *Espinoza v. Farah Mfg. Co.*, 414 U.S. 86, 88 (1973). National origin is distinct from citizenship. For example, the prohibition of discrimination based on "national origin" does not prohibit discrimination on the ground of citizenship. *Id.* at 89 ("Congress did not intend the term 'national origin' to embrace citizenship requirements.").

Shahin alleges discrimination occurred when she responded one day late to messages left to schedule her interview, only to be told that the positions had been filled , "although it was only a period interview scheduling." (D.I. 2.) Shahin provided several exhibits to the court, none of which support her claim of national origin discrimination.

The court makes a few observations. First, the record does not include any evidence that the State was aware of Shahin's national origin. Shahin argues, without supporting evidence, that the hired candidates are Americans. The evidence of record speaks only to the race of those hired – that Trower is black and Penney is white – not national origin. Second, the argument that the State hired internally, or hired those with family, friends, or political connections is a red herring. Both Trower and Penney completed nepotism forms indicating they had no relatives in the State system. Regardless, whether the State hired those with family, friends or political connections, is irrelevant to the issue of discrimination based upon national origin. Finally, the record does not support Shahin's position that the hired candidates could not have been selected by the time she belatedly returned the telephone calls to schedule her interview. An internal

email indicates that following completion of the Friday morning interviews, by Friday afternoon, at 4:30 p.m., the State had selected the candidates for the accountant positions.

Based upon the record, at this juncture the court cannot conclude that Shahin has established a prima facie of discrimination. It is undisputed that Shahin is of Ukraine origin and that she was not hired for the positions to which she applied. Shahin rests her evidence of discrimination solely upon own assertion that she was not hired because of her age and national origin when there is no evidence of Trower's or Penney's national origin. Nor is there evidence the State was aware of Shahin's national origin. Shahin makes the leap from an unsuccessful employment quest to employment discrimination based upon her national origin when there is no evidence of record to support an inference of discrimination. *See Iyer v. Everson,* 238 F. App'x 834 (3d Cir. 2007) (not published) (unsuccessful applicant for position did not establish prima facie case of discrimination because he did not present evidence of circumstances that raised an inference of discriminatory action; he did not establish causal nexus between his membership in protected class and decision not to hire him through mere assertion that he was not hired because of his age, race, national origin, or religion).

Shahin has not established a prima facie case of employment discrimination by reason of national origin. Therefore, the court will deny her motion for summary judgment. (D.I. 41.)

## V. CONCLUSION

For the above reasons, the court will deny all pending motions. (D.I. 30, 33, 34, 41.) An appropriate order will be issued.

_Nov. 29_, 2010
Wilmington, Delaware

CHIEF, UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NINA SHAHIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. Action No. 07-641-GMS |
| ) | |
| STATE OF DELAWARE and ) | |
| DEPARTMENT OF TRANSPORTATION, ) | |
| ) | |
| Defendants. ) | |

## ORDER

At Wilmington this 29th day of Nov., 2010, for the reasons set forth in the Memorandum issued this date;

1. The plaintiff's motion for extension of time to complete discovery is **denied**. (D.I. 30.)

2. The plaintiff's motion to compel is **denied**. (D.I. 33.)

3. The plaintiff's motion for summary judgment is **denied.** (D.I. 34.)

4. The plaintiff's motion for sanctions is **denied.** (D.I. 41.)

5. The plaintiff is placed on notice that filings containing argument for multiple cases will be docketed, not considered, and summarily denied. The plaintiff is required to file separate motions with separate argument in her pending cases.

_____
CHIEF, UNITED STATES DISTRICT JUDGE